UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CIVIL ACTION NO. 5:10CV2270** |
| | ) | |
| Plaintiff, | ) | **JUDGE: SARA LIOI** |
| | ) | |
| v. | ) | |
| | ) | |
| **BUCKEYE HOUSE LIMITED** | ) | |
| **PARTNERSHIP, et al.** | ) | |
| | ) | |
| DEFENDANTS | ) | **JUDGMENT OF FORECLOSURE** |
| | ) | |

This is an action to foreclose a mortgage brought by the Plaintiff, United States of America, based upon a claim of its agency, the United States Department of Agriculture, Rural Development, formerly the Farmers Home Administration. Jurisdiction is properly invoked pursuant to 28 U.S.C. § 1345. The matter is presently before the Court upon Plaintiff's Motion for Judgment by Default, Foreclosure and Order of Sale. Upon the evidence and the record, the Court finds as follows:

The Court finds that the Summons and Amended Complaint were duly and properly served upon the Defendant, Buckeye House Limited Partnership, c/o Brian Smith, General Partner. (*See* Doc. No. 4.) That said Defendant, Buckeye House Limited Partnership, c/o Brian Smith, General Partner, has failed to answer or defend,[1]

---

[1] The Court notes that, on August 15, 2011, Buckeye House Limited Partnership, through counsel, filed what was styled as a "Status Report." (Doc. No. 17.) Therein defendant purported to have no objection to

and that, upon request of the Plaintiff, the Clerk has issued an Entry of Default against Buckeye House Limited Partnership, c/o of Brian Smith General Partner. (Doc. No. 16.) The Court therefore finds that the said Defendant is thereby declared in default and that any interest said Defendant may have had in the premises described in the Amended Complaint is hereby cut off and forever held null and void.

The Court finds that the real property that is the subject of this foreclosure action (the "Property") is a follows:

> Situated in the Town of Uhrichsville, County of Tuscarawas and State of Ohio, to-wit:
>
> Parcel One:
> Being Eighty (80) feet off of the west ends of Lots Numbered Sixty-Nine (69) and seventy (70) in said City, the same being cut off by a line parallel with the west lines of said lots.
>
> Parcel Two :
> Being forty feet (40') off the south side of Lot No. 68 in said City.
>
> Parcel Three :
> Being a part of a vacated (Ordinance No. 1642) sixteen foot (16.00) alley in the City of Uhrichsville, (formerly platted as "Town of Waterford") as delineated in Deed Volume 7 at Page 594 of the Tuscarawas County Deed Records, the part of said alley hereby conveyed, being more fully described as follows:

---

entry of a Judgment of Foreclosure and Order of Sale, "as long as the U.S.A. does not seek any deficiency as the promissory note was non-recourse." At the time this "Status Report" was filed, the Clerk had already noted the default of Buckeye House Limited Partnership. Therefore, the appropriate action would have been only a motion to set aside the default. No such motion was timely filed and the "Status Report" and its assertions have no legal effect before this Court.

Beginning at a point in centerline on the southerly terminus of the above mentioned vacated alley, said beginning being located the following two (2) courses from the southwest corner of Lot 129; South 78 deg. 46 min. West, 8.00 feet and North 11 deg. 00 min. west, 12.00 feet to the true place of beginning of the tract herein conveyed; thence from said beginning with the centerline of said vacated alley North 11 deg. 00 min. West, 20.00 feet to a 1/4 inch diameter drill hole (set) thence North 78 deg. 46,min. East, 5.00 feet to a nail and cap (set); thence South 11 deg. 00 min. East, 20.00 feet to a point; thence South 78 deg. 46 min. West, 5.00 feet to the place of beginning, containing 100 (square feet, more or less.

The foregoing description is based on a field survey performed by David A. Miskimen, R. S. #5970 on December 28, 1989. The bearings are oriented to Deed Volume 7 at page 594.

Commonly known as:   Buckeye House Apartments
201 E. Third Street
Uhrichsville, Ohio 44683

The Court further finds that on July 20, 1990, Defendant, Buckeye House, Ltd., an Ohio Limited Partnership (Buckeye House) through Brian W. Smith, as General Partner for Buckeye House, executed and delivered to the United States, acting through the Rural Housing Service, a Promissory Note ("Note") referenced in the Amended Complaint whereby Buckeye House promised to pay to the United States the principal amount of $891,000.00, plus interest on the unpaid principal balance at the rate of 9.25 percent per annum.

The Court further finds that on July 20, 1990, Buckeye House, through Brian W. Smith, as General Partner for Buckeye House, executed and delivered to the United States, acting through the Rural Housing Service, a second Promissory Note

referenced in the Amended Complaint whereby Buckeye House promised to pay to the United States the principal amount of $91,000.00, plus interest on the unpaid principal balance at the rate of 8.75 percent per annum.

The Court further finds that simultaneously with the execution and delivery of said Notes, and in order to secure the payment of said Notes, Buckeye House, executed and delivered to the United States a Real Estate Mortgage and Security Agreement referenced in the Amended Complaint ("Mortgage").

The Court further finds that the Notes and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have been broken, the break is absolute, and Plaintiff is entitled to have the mortgage deed foreclosed and the equity of redemption of all Defendants forever cut-off and barred, the premises sold, and the proceeds applied to the payment of Plaintiff's claim.

The Court further finds that after all payments on said Note and Mortgage have been properly credited, there is past due and unpaid to the United States from the Defendant, Buckeye House, the principal amount of $931,633.03, and interest of $374.39 for a total of $932,007.42 as of June 7, 2010, plus interest accruing at the rate of $53.25 per day from June 7, 2010, and costs as provided by law.

The Court further finds that said Mortgage was duly recorded on July 20, 1990, Volume 598, pages 171-176, with Office of Tuscarawas County Recorder, and is a valid and subsisting first lien upon the premises herein described after the real property taxes, penalties, and assessments then due and payable, and interest thereon, that are or will be a lien on such land at the time the deed is transferred following the sale, as provided by Ohio Rev. Code § 323.47.

The Court further finds that Defendant, Jeffery S. Mamarella, as Treasurer Tuscarawas County, Ohio, has been served with summons and has filed an Answer to Plaintiff's Amended Complaint. The Court finds that Defendant, Jeffery S. Mamarella, as Treasurer of Tuscarawas County, Ohio, has a lien interest in the premises for the taxes, penalties and assessments then due and payable, and interest thereon, that are or will be a lien on such land or real estate at the time the deed is transferred following the sale, as provided in Ohio Rev. Code § 323.47.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that unless the sums found to be due Plaintiff are fully paid within three (3) days from the date of the entry of this decree, the equity of redemption of the Defendant title holders in the Property shall be foreclosed and the Property be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the United States Marshal of this district directing him to sell the property in accordance with 28 U.S.C. § 2001 et seq.

IT IS FURTHER ORDERED that the taxes, penalties, and assessments then due and payable, and interest thereon, that are or will be a lien on such land or real estate at the time the deed is transferred following the sale, shall be discharged out of the proceeds of the sale as provided in Ohio Rev. Code §323.47.

The Court finds that there is no just reason for delay.

Dated: August 24, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

APPROVED BY:

STEVEN M. DETTELBACH
UNITED STATES ATTORNEY

| | | | |
|---|---|---|---|
| By: | s\Alex A. Rokakis | By: | s/Robert R. Stephenson II |
| | Alex A. Rokakis | | Robert R. Stephenson II |
| | Assistant U.S. Attorney | | Assistant Prosecuting Attorney |
| | 400 United States Court House | | 125 E. High Ave. |
| | 801 W. Superior Avenue | | New Philadelphia, OH 44663 |
| | Cleveland, OH 44113-1852 | | Phone: (330) 365-3332 |
| | Phone: (216) 622-3673 | | Fax: (330) 364-4135 |
| | Fax: (216) 522-4982 | | Registration No. 0034616 |
| | Registration No. 0029078 | | Attorney for Jeffery S. Mamarella, |
| | Attorney for Plaintiff | | as Treasurer of Tuscarawas County, OH |